NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3541
_____

CERTAIN UNDERWRITERS AT LLOYDS OF LONDON
Subscribing to Policy No. SMP3791

v.

WILLIAM CREAGH; 22ND STREET, LLC;
GARY CREAGH, JR.; GARY CREAGH, SR.

WILLIAM CREAGH,
                                        Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa.. No. 12-cv-00571)
District Judge:  Honorable Jan E. DuBois
_____

Submitted Under Third Circuit LAR 34.1(a)
April 11, 2014

Before:  HARDIMAN, SHWARTZ and BARRY, *Circuit Judges*.

(Filed: April 14, 2014)
_____

OPINION
_____


HARDIMAN, *Circuit Judge*.

William Creagh appeals a summary judgment in favor of Certain Underwriters at

Lloyd's, London, Subscribing to Policy No. SMP3791 (Lloyd's). He also appeals the District Court's order denying his motions for reconsideration and to reopen the record. For the reasons that follow, we will affirm.

I

Because we write primarily for the parties, who are well acquainted with the case, we recite only the facts and procedural history essential to our decision.

Creagh owns a four-story building at 106 Chestnut Street in Philadelphia that Lloyd's insured pursuant to a commercial and general liability policy. The second floor is divided into two units, an apartment and an office. The tenant of the apartment died in the unit, and because the tenant's death was not immediately discovered, the decomposition of the body severely damaged the unit. Creagh hired two companies to remediate and restore the apartment.

Creagh submitted a claim to Lloyd's for about $180,000 he spent to restore the apartment. Lloyd's sought a declaratory judgment in the District Court that the insurance policy does not require it to indemnify Creagh for the property damage. Creagh brought three counterclaims: a claim for compensatory damages, a bad faith claim, and a claim that Lloyd's violated Pennsylvania's Unfair Trade Practices and Consumer Protection Law. The District Court granted summary judgment for Lloyd's on each claim, holding that two policy exclusions—the microorganism exclusion and the seepage exclusion— precluded coverage for Creagh's claim for loss. Creagh filed motions for reconsideration

2

and to reopen the record. The District Court denied both motions, and Creagh filed this timely appeal.[1]

## II

We exercise plenary review over the District Court's summary judgment. *Horvath v. Keystone Health Plan E., Inc.*, 333 F.3d 450, 454 (3d Cir. 2003). We will affirm if the movant establishes that there is no genuine dispute of material fact and that judgment as a matter of law is appropriate. Fed. R. Civ. P. 56(a).[2] Where, as here, our jurisdiction is based on the parties' diversity of citizenship, we apply relevant state law to determine whether the movant is entitled to judgment as a matter of law. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). We review the denial of motions for reconsideration and to reopen the record for abuse of discretion. *Gibson v. Mayor & Council of City of Wilmington*, 355 F.3d 215, 229 (3d Cir. 2004); *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 673 (3d Cir. 1999).

## III

The District Court held that Creagh's policy does not require Lloyd's to indemnify him for the damage because two exclusions in the policy preclude coverage of the claim.

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291.

[2] The parties agreed to allow the District Court to make factual determinations. This is akin to the role a trial court may play during a bench trial and such factual findings are reviewed for clear error. *See United States v. 6.45 Acres of Land*, 409 F.3d 139, 145 (3d Cir. 2005). Our review of the District Court's factual determinations reveals no error.

The policy's microorganism exclusion excepts claims "directly or indirectly arising out of or relating to: mold, mildew, fungus, spores or other microorganism of any type, nature, or description, including but not limited to any substance whose presence poses an actual or potential threat to human health." App. at 16. The District Court held that this exclusion applied because the fluids that escaped from the decedent's body and contaminated the premises contained bacteria, which is a microorganism.

The gravamen of Creagh's appeal is that the District Court overlooked genuine disputes of material fact. Creagh claims the bacteria were in the body and not the bodily fluids that escaped and caused the damage, but Creagh offers no evidence to challenge the "unequivocal" statement by Lloyd's expert that "bacteria were present in [the] bodily fluids that contaminated the subject property." App. at 570. Next, Creagh contends the purpose of the restoration work was to rid the apartment of its smell, and that Creagh did not ask the contractors to remove the bacteria. However, Creagh's subjective purpose is immaterial to the insurance policy. Under the microorganism exclusion, it suffices that the smell and other damages "directly or indirectly [arose] out of" the bacteria, which caused the fluid to escape the body and grew in the fluid after it left the body. We find no fault in the District Court's application of this provision.

The District Court also held that the policy's seepage exclusion precluded coverage for Creagh's claim. That exclusion excepts claims "aris[ing] from any kind of seepage or any kind of pollution and/or contamination . . . ." App. at 16. Creagh argues

that under the interpretive canon of ejusdem generis, we must read "seepage" to be polluting or contaminating. We need not call upon canons of interpretation for guidance, however, because the seepage exclusion is unambiguous as applied here. The next sentence in the seepage exclusion explains that "[t]he term 'any kind of seepage or any kind of pollution and/or contamination' as used in this Endorsement includes, (but is not limited to) . . . the presence, existence, or release of anything which endangers or threatens to endanger the health, safety, or welfare of persons or the environment." App. at 16. We need not expound upon the District Court's detailed explanation that the fluids contaminating the apartment were a health and safety threat. As the District Court explained, the safety precautions that Creagh's sanitation contractor took and the classification by the Occupational Safety and Health Administration of such bodily fluids as potentially toxic and hazardous demonstrate the health and safety risk posed by the fluids. We agree with the District Court's conclusion that the seepage exclusion applies to Creagh's claim as well.[3]

Finally, Creagh appeals the District Court's denial of his motions for reconsideration and to reopen the record. Creagh's motion for reconsideration argued that

---

[3] Creagh also appeals the District Court's summary judgment on two of his counterclaims. Creagh brought a counterclaim for bad faith, saying Lloyd's had no reasonable basis for denying coverage. Creagh also pleaded a counterclaim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law on grounds that Lloyd's misrepresented the fact that bacteria caused the odor in the apartment. These claims are baseless for the reasons we have provided.

the District Court erred by finding evidence of bacteria in the fluids because the fluids were not tested. The District Court dismissed the motion, noting it directly addressed and dismissed this argument in its opinion. Creagh's motion to reopen the record sought to introduce new evidence allegedly undermining Lloyd's expert opinion. Courts have great flexibility in deciding motions to reopen the record, and generally do not disturb final judgments so a litigant may introduce evidence that was previously available. *See Gibson*, 355 F.3d at 229; *Max's Seafood*, 176 F.3d at 677–78. Creagh did not argue that the new evidence was unavailable before final judgment, and the District Court dismissed the motion. We perceive no abuse of discretion in that decision.

IV

For the reasons stated, we will affirm both the District Court's summary judgment and its order denying Creagh's motions for reconsideration and to reopen the record.